**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HARPREET SINGH** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1388-J** |
| | ) | |
| **WARDEN DIAMONDBACK CORRECTIONAL FACILITY et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Harpreet Singh, a noncitizen[1] and citizen of India, proceeding with counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge Bernard M. Jones II referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response and Petitioner filed a reply. (ECF Nos. 11 & 12).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND AND PETITIONER'S CLAIMS

On or about July 7, 2019, Petitioner entered the United States at the Mexico-United States border. (ECF No. 1:6). On or about August 29, 2019, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without having been admitted or paroled. (ECF No. 1:7). Even so, Petitioner attests that his removal proceedings were ultimately dismissed. (ECF No., 1:8). On or about July 17, 2023, Petitioner filed an application for asylum which is still pending. (ECF No. 1:7).

On March 15, 2026, Oklahoma Highway Patrol stopped Petitioner for a traffic violation in Lincoln County, Oklahoma. (ECF No. 11-1:2). Petitioner was found to be in violation of the Immigration and Nationality Act (INA), was transported to the Tulsa County Jail, and then two days later, was taken into ICE custody for processing. (ECF No. 11-1:2). Petitioner has been detained in the Cimarron Correctional Facility since March 20, 2026. (ECF No. 12:2).

June 11, 2026, Petitioner filed a habeas Petition challenging his detention. *See* ECF No. 1. Petitioner alleges that he is detained under 8 U.S.C. § 1226(a) and his detention without a bond hearing violates the INA, substantive and procedural Due Process, and the Administrative Procedures Act. (ECF No. 1:8-21). Petitioner asks the Court to immediately release him and he also requests declaratory and injunctive relief. (ECF No.

1:21-22). Petitioner also requests reasonable attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 1:22).[2]

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

As stated, Petitioner alleges his detention is governed by 8 U.S.C. § 1226(a). *See* ECF No. 1. Petitioner is correct.

Under the INA, detention of aliens who are "applicants for admission"[3] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

[3] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

detention of the alien or to release the alien on bond.[4] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir 2026). The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th at 1237. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at 1239. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondent concedes. *See* ECF No. 11:2 ("Respondents . . . respectfully submit that this matter is controlled by the Tenth Circuit's recent opinion in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).").

---

[4] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, and Respondents' concession as to the same controlling the outcome of this case, the undersigned concludes that Petitioner, who was detained in the interior of the United States years after being released into the interior of the country, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th 1251, n.13.[5] *See Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026).[6]

---

[5] With this recommendation, the Court need not consider Petitioner's argument that his detention violates Due Process or the APA or his requests for declaratory and injunctive relief.

[6] Petitioner insists that release is the appropriate remedy rather than a bond hearing, arguing that Due Process demands his release. *See* ECF No. 12:4-5. In some cases, Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked in the absence of changed circumstances or proper procedures. *See*, *e.g.*, *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1-2 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). However, here Petitioner fails to allege or prove he was previously ordered released pursuant to § 1226(a) by an immigration judge rather than at the discretion of an ICE or customs agent. Accordingly, Petitioner has not alleged or provided evidence that the circumstances of his re-detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (finding petitioner is entitled to a bond hearing but not release because he "has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority"). Therefore, the undersigned concludes Petitioner is entitled only to a bond hearing and not release.

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 20, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 13, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE