**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HARPREET SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1388-J |
| | ) | |
| WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Harpreet Singh, a citizen of India, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within seven business days or otherwise release Petitioner if he has not received a bond hearing within that period. (Rep. & Rec.) [Doc. No. 13]. Respondents filed a timely objection (Obj.) [Doc. No. 14], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.

Petitioner entered the United States in 2019. In March 2026, ICE detained Petitioner and he remains in custody without a hearing. Judge Erwin concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act. *See* Rep. & Rec. at 3–6. Judge Erwin further recommends that the Court decline to address Petitioner's remaining arguments. *See id.* at 5 nn. 5–6.

Although continuing to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls. *See* Obj. at 1. In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.[1]

For the reasons above, the Report and Recommendation [Doc. No. 13] is ADOPTED and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within seven business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 21st day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

[1] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims. *See* Rep. & Rec. at 5 nn. 5–6.